FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR 23 AM 9:01

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-049 |
| | ) | |
| DENNIS BROWN, Warden; GEORGIA | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| T.J. CONLEY; AUGUSTA STATE | ) | |
| PRISON; FNU LEWIS, SGT.; BRIAN | ) | |
| OWENS, Commissioner; TIM YOUNG, | ) | |
| Doctor, Medical Director; CINTHIA | ) | |
| NELSON, Field Operation Manager; MS. | ) | |
| MCGREW; AARON WEBB, Inmate; | ) | |
| SMITHA SURAJ, Doctor; and FNU | ) | |
| SAWYER, Nurse, | ) | |
| | ) | |
| Defendants.[1] | ) | |

___

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Plaintiff, an inmate presently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. Notably, Plaintiff is well-known to this Court and to the Southern District as a serial filer, and as such the Court is aware of the litany of cases that he has filed and continues to file, many of which concern the same and similar issues as are raised

___

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect the spelling of the last names of Defendants Webb and Suraj as they appear in the caption here, as well as the full title of the Georgia Department of Corrections, which is consistent with the complaint. (Doc. no. 1, pp. 1, 4, 9.)

in the instant complaint. See, e.g., Miller v. Owen, CV 613-025 (S.D. Ga. Mar. 14, 2013) (hereinafter "CV 613-025");[2] Miller v. Brown, CV 112-020 (S.D. Ga. Mar. 15, 2012); Miller v. Brown, CV 112-166 (S.D. Ga. Oct. 29, 2012) (hereinafter "CV 112-166"). In fact, Plaintiff fully litigated the same fundamental issues set forth in the instant complaint in a lawsuit that he filed in 1998; following settlement of that case, Plaintiff initiated his pattern of attempting to repeatedly litigate identical claims in new cases. See Miller v. King, CV 698-109 (S.D. Ga. Sept. 14, 2010).

Given the overt duplicity of this case as compared to Plaintiff's previous cases, the Court finds that it is properly subject to dismissal on that ground. More specifically, because the claims set forth in Plaintiff's complaint here are duplicative of the claims that he has set forth in a number of his previous cases, and because duplicative and repetitive suits are properly dismissed as frivolous, see McWilliams v. State of Colorado, 121 F.3d 573, 575 (10th Cir. 1997), Plaintiff's suit is subject to dismissal for that reason.[3] See I.A. Durbin, Inc., v.

---

[2]Plaintiff filed CV 613-025 approximately two weeks prior to filing the instant case, which is emblematic of his generally abusive filing tactics.

[3]While the Court is aware of the Eleventh Circuit's prior holding concerning one of Plaintiff's complaints — which, again, set forth claims that were nearly identical to those set forth in the instant complaint — the Court finds that circumstances have changed significantly since the time of that holding. In Miller v. Donald, the Eleventh Circuit held, among other things, that Plaintiff's complaint should not have been dismissed because, although it was duplicative of his prior complaints concerning conditions at other prisons, he had not yet filed a complaint concerning conditions at ASMP in particular. 541 F.3d 1091, 1100-01 (11th Cir. 2008). By this point, however, Plaintiff has submitted his rote list of claims concerning conditions at ASMP on numerous occasions, such that those claims are concurrently before this Court, on appeal in CV 112-166, and before the Honorable James E. Graham, United States Magistrate Judge, in CV 613-025. See also Miller v. Chapman, CV 611-060 (S.D. Ga. July 18, 2011).

Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (noting that "[a] suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions"); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)(explaining that former § 1915(d), the predecessor to modern § 1915(e)(2), is "aimed at the dismissal of 'frivolous, malicious, or *repetitive* lawsuits'" (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993)(upholding dismissal of duplicative suit under former § 1915(d) as "malicious"); Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992).

Notably, Plaintiff asserts claims in the instant complaint that are fundamentally identical to the claims set forth in CV 112-166. In both that case and the instant case, Plaintiff levels a multitude of allegations against various prison officials at ASMP, alleging in particular that he is being denied proper accommodations for his disability, that he requires numerous surgeries and procedures, that he is being denied catheters and various medications, that he is the victim of retaliation for filing grievances, and that he is in constant danger as a result of being housed in close proximity to inmate Aaron Webb.[4] (Compare doc. no. 1, pp. 5-12, with

---

[4]As such, it is also worth noting that Plaintiff's complaint here amounts to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("[S]hotgun pleadings . . . impede[] the due administration of justice and, in a very real sense, amount[] to obstruction of justice.") (citation omitted); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) *(per curiam)* (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly," beginning as early as 1991, because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure"); see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp, 305 F.3d 1293, 1295-96 n.9 (11th Cir. 2002) (collecting cases condemning shotgun pleadings).

CV 112-166, doc. no. 6, pp. 5-25.) In fact, Plaintiff candidly admits to the duplicity of the instant complaint: in response to the question concerning whether he has begun other lawsuits dealing with the same facts involved in this action, Plaintiff checked the box for "Yes" and identified CV 112-166, which he noted was "still pending objection & appeal." (Doc. no. 1, pp. 1-2.) While the Court acknowledges some slight variation in the minute details of the claims that Plaintiff asserts here as compared to the claims in CV 112-166, and while the Court is aware that Plaintiff has modified his list of named Defendants somewhat in the instant case, the fact of the matter is that Plaintiff's claims here, however newly packaged, remain by his own admission fundamentally identical to those in CV 112-166. Accordingly, Plaintiff's claims here do not "significantly differ" from the claims set forth in CV 112-166. I.A. Durbin, Inc., 793 F.2d at 1551. Thus, his complaint is repetitive and should be dismissed as frivolous. McWilliams, 121 F.3d at 575.

Moreover, and just as importantly, the Court is aware that Plaintiff's claims in CV 112-166 are currently pending before the Eleventh Circuit on direct appeal. In that case, the undersigned entered a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed – and that the deluge of motions he filed subsequent to filing his complaint be denied – due to Plaintiff's abuse of the judicial process. See CV 112-166, doc. no. 44. Plaintiff thereafter filed a premature notice of appeal. See id., doc. nos. 56, 57, 59. Following Plaintiff's premature notice of appeal, the Honorable J. Randal Hall, United States District Judge, entered an Order adopting the R&R. Id., doc. no. 60. Accordingly, because Plaintiff's claims in that case – which, again, are fundamentally identical to the claims he

4

asserts here – remain pending before the Eleventh Circuit, the Court declines to accept Plaintiff's duplicative filing here. In other words, the Court will not accommodate Plaintiff's improper attempt to litigate identical claims in various forums simultaneously.

In short, given the fact that Plaintiff's claims here parrot those set forth in many of his previous filings – including, in particular, those in CV 112-166, which is currently pending on appeal before the Eleventh Circuit, as well as those in CV 613-025, which is currently pending before Judge Graham – the instant complaint should be dismissed. Thus, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, that his request to proceed IFP be **DENIED AS MOOT** (doc. no. 2), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this __ day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE